In re James P. **BROWNE and Brenda A. Browne, Debtors.**

Rex A. **LAUBER, Trustee, Plaintiff,**

v.

**STATE OF ALASKA, Defendant.**

Bankruptcy No. 5–85–00009.
Adv. No. 5–86–0006.

United States Bankruptcy Court,
D. Alaska.

June 26, 1989.

R.W. "Dick" Shaffer, Ellis Law Offices, Inc., Ketchikan, Alaska, for plaintiff/trustee.

Douglas B. Baily, Atty.Gen., Jeffrey W. Bush, Asst.Atty.Gen., State of Alaska, Juneau, Alaska, for defendant/State of Alaska.

### ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT

HERBERT A. ROSS, Bankruptcy Judge.

The State of Alaska, with knowledge of the pending chapter 7 bankruptcy, paid over to debtors their Alaska Permanent Fund dividend (PFD) [1] to which the debtors were entitled to at the time of filing the bankruptcy in 1985. The trustee had given notice of the bankruptcy to the State before it paid the debtors, but the State paid the debtors anyway.[2]

The State of Alaska has not filed any claims in the main case.

The trustee sued the State for $783.65, part of the PFD which the State had paid the debtors.

The court has already entered a partial summary judgment that the PFD to which the debtors were entitled to at the time of filing the chapter 7 petition is property of the bankruptcy estate under 11 U.S.C. § 541. The parties then briefed the issue of whether the state was immune from

---

1. The Alaska Permanent Fund was described in *Zobel v. Williams,* 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1982) where part of the scheme in existence then was held unconstitutional. The PFD is an annual payment to Alaskan residents of part of the earnings of the fund accrued from the sale of Alaska's resources, including the North Slope oil.

2. The State of Alaska was relying on an Alaskan Attorney General's opinion that under the Alaska Statutes governing the PFD, particularly AS 43.23.005, the PFD was not part of the estate and not subject to turnover. There is a partial exemption provided by state law. AS 43.23.065. There have been some recent modifications to the PFD statute to restrict alienability, but these changes do not affect this adversary proceeding.

judgment under the Eleventh Amendment to the United States Constitution.[3]

The court deferred ruling because of a pending Supreme Court case which it seemed would resolve the issue. On June 23, 1989, the Supreme Court decided in *Hoffman, Trustee v. Connecticut Dept. of Income Maintenance, et al.* —— U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), that a state is immune from a damage judgment under the Eleventh Amendment. 11 U.S.C. § 106 which governs the waiver of sovereign immunity was interpreted very narrowly in the 5–4 plurality decision. The Supreme Court held that 11 U.S.C. § 106(c) should not be read to abrogate the Eleventh Amendment immunity of the state. §§ 106(a) and 106(b) govern the narrow exception to an state's sovereign immunity where the state has not voluntarily consented to a waiver.[4] The plurality said the § 106(c) applies to the federal government, but not the states.

Since the State has not filed a proof of claim in this case, under *Hoffman* the trustee cannot get a judgment against the State for failing to turn over estate property to the trustee, or for having given it to the debtors notwithstanding the trustee's timely request that the State not do so.

A judgment of dismissal will be entered.

---

**3.** Amendment XI to the Constitution of the United States provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The amendment is interpreted to bar suits against an unconsenting state by its own citizen, although it does not literally read that way. *Employees of Dept. of Health and Welfare, Missouri v. Dept. of Health and Welfare, Missouri,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).

**4.** 11 U.S.C. § 106, entitled *Waiver of sovereign immunity,* states:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity-

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such provision binds governmental units.